The plaintiff discounted a promissory note made by the defendant, payable to the order of A.A. Thomas, and indorsed by him, and one Samuel B. Potter. The note was presented at the bank, before maturity, by Potter, and discounted by the bank, and the proceeds passed to his credit. The defense was: First, that Potter was the real party in interest, having paid the amount of the note to the plaintiff; second, that the note was an accommodation note made for the benefit of Thomas, for the purpose of enabling him to raise money; that Thomas delivered it to Potter upon a corrupt and usurious agreement that Potter should reserve to himself for the loan of money thereon, a greater sum than seven per cent per annum, to wit, a little over twenty-five and one-half per cent per annum; that said Potter did receive for the loan of the amount of said note for the space of three months, the sum of $150. The judge, among other things, charged the jury that the main question for them to determine was whether, at the time of the negotiation between Thomas and Potter in regard to the note, there was an unlawful, usurious agreement made respecting the discount of that note. If Mr. Potter agreed to discount the note at two and one-half per cent a month, and did discount *Page 357 
it, deducting at that rate $150 for three months, such a contract was usurious, and the note would be void in the hands of the plaintiff. The mere fact of Mr. Potter retaining in his hands $150, without any agreement on the part of Thomas and Potter that that should be the interest or compensation for the loan, would not of itself render the transaction usurious. If there was such an agreement between Potter and Thomas respecting the discount of the note, then the fact that the bank had discounted the note for Mr. Potter at the rate of seven per cent per annum, would not render the note good in the hands of the bank, because in that case it would have passed from Mr. Thomas to Mr. Potter under a usurious contract. If the jury found there was such an usurious agreement between Thomas and Potter, then the defendant would be entitled to a verdict. If there was not such an usurious agreement, notwithstanding all the other facts might be true, which had been proved, the plaintiff would be entitled to a verdict for the amount of the note with interest. To this charge no exception was taken by either party. The court also charged that if Mr. Thomas parted with the note to Mr. Potter upon an usurious agreement, as to the rate of interest, it was then usurious and void in any person's hands. To this portion of the charge the plaintiff's counsel excepted.
The defendant's counsel then requested the court to charge the jury that the facts in the case, as they are disclosed by the evidence, render the note usurious and void, and the defendant is entitled to a verdict. The court refused so to charge, and the defendant's counsel excepted.
The jury found a verdict for the plaintiff, and the court refused to grant a new trial, and judgment on the verdict was affirmed on appeal.
The exception to the refusal to charge as requested by the defendant, presents the principal question for the consideration of this court upon this appeal. Upon the testimony adduced upon the trial, it is clear that Potter acted as the agent of Thomas 
Betts in procuring the discount of the note by the plaintiff. It is equally clear that the bank discounted *Page 358 
it at a lawful rate of interest and passed the proceeds of the note to the credit of Potter, who was a dealer with the bank and kept an account there. The circumstance that Potter did not pay over to Thomas Betts the whole sum he received from the bank on the discount of the note, does not impair or impeach its title, nor does it tend in any degree to show that the bank made a corrupt and usurious agreement upon the discount of the note.
The only ground of defense set up was, that Potter had discounted the note upon an usurious and corrupt agreement before he transferred it to the bank, and though the testimony failed to establish that, yet there was sufficient in the testimony on the part of the defendant to send the case to the jury. If it had not been discounted by Potter before he transferred it to the bank, there was no pretense of any defense to the note in the hands of the bank. If it had been so discounted by him, then the note was void in the hands of Potter and he could not have transferred a good title to the bank. If the judge had, therefore, directed the jury to find a verdict for the defendant, he must necessarily have withdrawn this question from their consideration, and this would have been error. It was not erroneous, therefore, to refuse to instruct the jury, as requested, to find a verdict for the defendant.
The case of Van Duzer v. Howe (21 N.Y. 531) is like the case at bar. There this court held, that when the drawee of a bill of exchange for $1,200, paid fifty dollars to an accommodation indorser for indorsing it, and procuring another indorser and obtaining its discount; the draft was not affected by the usury, and that the bona fide holder could recover thereon. The same state of facts exists in the present case, and the exception to the refusal to charge that the defendant was entitled to a verdict is untenable.
The conversation between the witness Potter, and the cashier of plaintiff, at the time he presented the note for discount, was wholly unimportant to any issue in the case. What the cashier said had no significance, and was wholly immaterial to the issue submitted to and passed upon by the *Page 359 
jury. It therefore worked no injury to the defendant, and the exception taken to its admission affords no ground for a reversal of the judgment and granting a new trial.
Judgment should be affirmed with costs.
All the judges concurring,
Judgment affirmed. *Page 360