COMMERCIAL BANK, Respondent, *v.* ARCHEY CAMERON and Another, Appellants.

*Action on a promissory note discounted by a bank through an agent — the agent's retention of money does not constitute usury.*

Upon the trial of an action brought to recover the amount of a promissory note, it was shown that one of the makers thereof went to one McCartney, and asked him to let him have some money, and McCartney said he would. A promissory note was then drawn for $125, payable to the order of McCartney, and signed by the defendants. A check upon the plaintiff, Commercial Bank, was drawn for $125, which was signed by the defendants. The note and check were given to McCartney "to go to the bank and get the money." McCartney indorsed the note and went to the bank, presented the note to the bank, which discounted it for the full amount thereof for the defendants, and that amount was placed to their credit. McCartney then presented the defendants' check for $125, and the same was paid to him by the bank. He returned to his office with the $125, and gave the defendants $100, retaining $25.

The officers of the bank testified that the note was discounted for the defendants in good faith and without knowledge of any arrangement in reference thereto between the defendants and McCartney.

*Held,* that there was no usury in the transaction, and a verdict was properly directed for the plaintiff.

APPEAL by the defendants, Archey Cameron and another, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 26th day of January, 1894, upon the decision of the court affirming the judgment of the Municipal Court of Rochester.

*George M. Williams*, for the appellants.

*Horace McGuire*, for the respondent.

HAIGHT, J.:

This action was brought to recover the amount of two promissory notes executed by the appellants, payable to the order of S. E. McCartney. The defense was usury. Upon the trial a verdict was directed in favor of the plaintiff. The first note was for $125, payable ten days after date. The transaction in reference to the second note is identical with that of the first, and we shall, therefore, only refer to the testimony in reference to the first.

The defendants are husband and wife. The defendant Archey

Cameron testified that he went to McCartney's office and asked him to let him have some money and he said he would. This is all of the evidence given in reference to the agreement. All of the other evidence pertains to what was done, and that is to the effect that a promissory note was drawn for $125, payable to the order of McCartney, and was signed by the defendants; a check upon the plaintiff's bank was then drawn for $125, which was also signed by the defendants. They were then given "to McCartney to go to the bank and get the money." Thereupon McCartney indorsed the note and went to the plaintiff's bank. He presented the note to the bank and it was discounted for the full amount thereof for the defendants, and that amount placed to their credit. McCartney then presented the defendants' check for $125, and the same was paid to him by the bank. He then returned to his office with the $125, and gave the defendants $100, retaining the other $25.

The officers of the bank testified that the note was discounted for the defendants in good faith and without any knowledge of any arrangement in reference thereto between the defendants and McCartney.

Upon these facts we are of the opinion that the plaintiff was entitled to recover. It will be observed that no money was paid by McCartney to the defendants until after the note was discounted at the bank, and that the note had no inception until such discount. If McCartney had loaned his own money thereon, and had taken twenty-five dollars therefor before presenting the note to the bank for discount, a different question would have been presented, but he does not appear to have loaned his own money. He indorsed the defendants' note, took it to the bank, together with their check, procured the note to be discounted for them and drew the money upon their check. We think the transaction constituted him their agent to procure the money upon the note, and that the note remains valid in the hands of the bank.

It is claimed that the court erred in not submitting the question to the jury as to whether McCartney became the holder of the notes before they were discounted by the bank, and our attention is called to the case of *Chatham Bank* v. *Betts* (37 N. Y. 356). In that case it was held that the payment of the consideration by the maker of a note for the indorsement of the same and procuring its

discount at the bank does not render the note usurious; that the bank which discounts the same in good faith may recover the amount thereof from the maker. But DAVIES, Ch. J., in delivering the opinion of the court, says: " The only ground of defense set up was that Potter had discounted the note upon an usurious and corrupt agreement before he transferred it to the bank, and though the testimony failed to establish that, yet there was sufficient in the testimony on the part of the defendant to send the case to the jury. If it had not been discounted by Potter before he transferred it to the bank there was no pretense of any defense to the note in the hands of the bank. If it had been so discounted by him, then the note was void in the hands of Potter and he could not have transferred a good title to the bank."

But here, as we have seen, the facts are different. They appear from the defendants' own showing. The notes had not been discounted by McCartney before they were taken to the bank. He took them to the bank, together with the defendants' check, for the purpose of procuring the money thereon. The notes were given to McCartney by the defendants for that purpose. It is, therefore, apparent that there was no question of fact for the jury.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment of the County Court of Monroe county appealed from affirmed.